Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Christopher Stretch (CA 166752)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
mbrooks@beneschlaw.com

Attorneys for Defendant
Fossil Group, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER CHANCY, JOSHUA HYUN, and TYLER CURINGTON, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FOSSIL GROUP, INC.,<br><br>　　　　　　　Defendant. | Case No. '25CV1566 AJB DEB<br><br>**NOTICE OF REMOVAL**<br><br>[San Diego Superior Court Case No. 25CU024862N]<br><br>Complaint Filed:　May 14, 2025<br>Complaint Served: May 19, 2025<br>Removal Filed:　　June 18, 2025 |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that Fossil Group, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action ("Action") from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

## I. INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II. BACKGROUND

2. On May 14, 2025, Plaintiffs Alexander Chancy, Joshua Hyun, and Tyler Curington ("Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a civil action in the Superior Court of California, County of San Diego, entitled *Chancy et al. v. Fossil Group, Inc.*, Case No. 25CU024862N ("Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

3. The Complaint was personally served on Defendant on May 19, 2025. A true and correct copy of the Summons served on Defendant is attached hereto as Exhibit B. A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit C. A true and correct copy of the Civil Case Cover Sheet is attached hereto as Exhibit D.

4. The Complaint, styled as a class action, purports to bring claims for: (1) violations of the "Unfair", "Fraudulent", and "Unlawful" prongs of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violation of California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.. and (3) violations of California Consumer Legal Remedies Act. Plaintiffs allege that Defendant "misled consumers by advertising false former, original, or regular prices which

were fabricated, thereby creating illusory 'savings' on watches, fashion accessories, leather goods, jewelry, backpacks and other items sold on its website and in Fossil Outlet Stores located in California." Compl. ¶ 1. Plaintiffs claim that they "would not have purchased these items in the absence of Defendant's misrepresentations" and as a result, have been "personally victimized by and suffered economic injury as a direct result of Defendant's unlawful, unfair, and fraudulent conduct." *Id.* ¶ 14.

5. Plaintiffs purport to bring this action on behalf of a putative class of "All persons who, while in the State of California, during the four (4) year period preceding the filing of the original Complaint through the date of final judgment in this action (the 'Class Period'), purchased one or more Fossil Outlet Products at a purported discount off of the stated Reference Price at any Fossil Outlet Stores in the State of California or any California resident who made purchases on the Fossil Website, and who have not received a refund or credit for their purchase(s)." *Id.* ¶ 44.

6. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiffs' theories of liability, class allegations, damages, or the like—all of which Defendant expressly denies—or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

## IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint alleges the Class "consists of thousands of members" See Compl. ¶ 46.

9. Thus, accepting Plaintiffs' allegations as true, the size of the putative class well exceeds one hundred members.

### B. The Amount in Controversy Exceeds $5 Million

10. Again, Defendant denies Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint."). Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.

11. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549–50, (2014) (citations omitted); see also *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id.* § 2:3435, at 2D-172–173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds

the jurisdictional threshold.'"); *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) ("At step one, the pleading stage, the test is whether 'the notice of removal plausibly alleges' that the case might be worth more than $5 million.") (citation omitted).  CAFA's legislative history further indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."  Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109–14.

12. Plaintiff seeks restitution and disgorgement of "all profits" associated with Fossil's allegedly unfair business practices during the relevant statutory time period. (Prayer for Relief ¶ b.)

13. Per Fossil's most recent and publicly available 10K Statement, located at https://www.sec.gov/Archives/edgar/data/883569/000088356925000010/fosl-0241228.htm, Fossil categorizes its Americas region to include the United States, Canada and Latin America. At the end of 2024, Fossil had 114 Company-owned stores and its websites in the Americas region alone. *Id*. at 37. Over the past four years (the relevant statutory period for damages in this matter), these 114 stores and websites consistently produced 42- 45% of Fossil's consolidated revenue, which amounts to approximately $2.7 billion dollars over the four years.  Assuming Fossil's website accounts for 25 percent of these sales, *each* of the 114 stores, on average, generated approximately $17,000,000 in revenue over the past 4 years. Thus Fossil's 5 California outlet stores alone would have generated approximately $85,000,000 in revenue in the past four years, before website sales are considered.

14. Accordingly, the amount in controversy for removal under CAFA is satisfied.

15. Plaintiff also seeks an award of attorney's fees. (Prayer for Relief ¶ e.) This amount should also be included in connection with the amount in controversy. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth

Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorney's fees based upon such amount would be an additional $1,250,000.

16. Plaintiff also seeks injunctive relief. The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n. 9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); see also James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants"). The costs to comply with an injunction could potentially be significant and Plaintiff's request for injunctive relief further takes the amount in controversy over the statutory threshold. See 28 U.S.C. § 1332(d)(2).

17. While Plaintiffs' claim for restitution, in itself, puts the amount in controversy above $5,000,000, the additional requests for attorney's fees and injunctive relief make clear that this requirement is more than satisfied.

**C.   Minimum Diversity Exists**

18. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). Minimal diversity under the Class Action Fairness Act (CAFA) is met when any member of the class is a citizen of a different state than any defendant. *Ridgeway v. Spokeo, Inc.*, 697 F.Supp.3d 979 (C.D. Cal. 2023); *Calchi v. TopCo Associates*, LLC, 676 F.Supp.3d 604 (N.D. Ill. 2023).

19. Plaintiffs are all allegedly residents of California. Compl. ¶¶ 11–13. The Class they purport to represent consists of persons who, while in the State of California…purchased one or more Fossil Outlet Products at any Fossil Outlet Stores in the State of California or any California resident who made purchases on the Fossil Website. *Id.* ¶ 44.

20. Defendant is a corporation incorporated under the laws of Delaware. See Compl. ¶ 15. Defendant's headquarters and principal place of business is located in Texas, which includes its executive, administrative and business offices, as well as studio and production space. *Id.*

21. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); see *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) ("'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," typically the corporation's headquarters). Defendant is thus a citizen of Delaware (its state of incorporation) and Texas (its principal place of business).

22. Accordingly, because Plaintiffs are citizens of California, while Defendant is a citizen of Texas and Delaware, the diversity requirement is satisfied here.

    **D.**    **No CAFA Exceptions Apply**

23. This Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. See *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

**V.**    **THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

24. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court of the State of California for the County of San Diego is located within the Southern District of California.

25. This Notice of Removal is timely because it was filed within thirty days of May 19, 2025, the date on which Plaintiffs served the Complaint. 28 U.S.C. § 1446(b).

26. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, Summons, Proof of Service of Summons, and all other process, pleadings, and orders served upon Defendant are attached as Exhibit A–D.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of San Diego. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiffs.

## VI. CONCLUSION

Defendant respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

Dated: June 18, 2025

Respectfully submitted,

s/ *Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
CHRISTOPHER STRETCH (CA 166752)
NICOLETTE SHAMSIAN (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
Fossil Group, Inc.