# Exhibit A

1
Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
2
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
3
Telephone: (224) 632-4500
mruan@fklmlaw.com
4

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

5/14/2025 12:32:23 PM

Clerk of the Superior Court
By M. Clemens          ,Deputy Clerk

5

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN DIEGO**

6

7
ALEXANDER CHANCY, JOSHUA HYUN,
and TYLER CURINGTON, on behalf of
8
themselves and all others similarly situated,

9
                    *Plaintiffs,*
10
        v.

11
FOSSIL GROUP, INC.
                    *Defendant*
12

Civil Action No.    25CU024862N

**CLASS ACTION COMPLAINT**

1.    Violation of the "Unfair" Prong of the UCL
2.    Violation of the "Fraudulent" Prong of the UCL
3.    Violation of the "Unlawful" Prong of the UCL
4.    Violation of the California False Advertising Law, California Business & Professions Code Sections 17500, *et seq*
5.    Violations of California Consumer Legal Remedies Act

**JURY TRIAL DEMANDED**

1

CLASS ACTION COMPLAINT                                    CASE NO.

1    Plaintiffs Alexander Chancy, Joshua Hyun, and Tyler Curington, individually and on behalf of all
2    other persons similarly situated, make the following allegations pursuant to the investigation of counsel
3    and based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and
4    Plaintiffs' counsel, which are based on personal knowledge.

## I.    NATURE OF ACTION

6    1.    This is a class action regarding Defendant's unlawful, unfair, and fraudulent business
7    practice of advertising false "market" prices and corresponding phantom "savings" on watches, fashion
8    accessories, leather goods, jewelry, backpacks and other items sold in its Fossil Outlet Stores located in
9    California and on its website at https://www.fossil.com/ (the "Website"). As alleged herein, during at
10    least the past four years, Defendant has misled consumers by advertising false former, original, or
11    regular prices which were fabricated, thereby creating illusory "savings" on watches, fashion
12    accessories, leather goods, jewelry, backpacks and other items sold on its Website and in Fossil Outlet
13    Stores located in California.

14    2.    During the Class Period (defined below), Defendant continually misled consumers by
15    advertising watches, fashion accessories, leather goods, jewelry, and other items at false discounted
16    "savings" prices for merchandise designed and manufactured exclusively for sale throughout their Fossil
17    Outlet Stores and on the Fossil Website (hereinafter referred to as "Fossil Outlet Products"). Defendant
18    would compare the outlet "sale" prices to false "market" prices, which were misrepresented as the
19    "market" retail prices from which the "savings" were discounted. The advertised discounts were
20    phantom markdowns because the represented market prices were artificially inflated and were never the
21    original prices for these items sold in both Defendant's outlet stores and its online shop.

22    3.    The purported "market" prices did not represent the actual prevailing retail market prices
23    within the three-month timeframe immediately preceding the publication of the advertised former prices,
24    as mandated by California law.

25    4.    Defendant intentionally represents—on the price tags of Fossil Outlet Products in Fossil
26    outlet stores and on the price display of outlet items in its online store — "Like Style Prices" that are
27    overstated and did not represent a bona fide price at which Fossil Outlet Products were previously sold.

28

2

CLASS ACTION COMPLAINT                                    CASE NO.

1  Nor was the advertised Like Style Price a prevailing market retail price within three months immediately

2  preceding the publication of the advertised former prices, as required by California law. In this

3  complaint, "Reference Price" shall refer to the "like style" ticketed price listed on the Fossil Website or

4  the in-store Fossil Outlet Product's price tag. As addressed in detail below, Plaintiff and reasonable

5  consumers typically understand the Reference Price to be the former, original, or regular price of the

6  item on which it appears.

7        5.      The "Reference Prices" have never actually existed and/or did not represent the

8  prevailing market retail prices for such Outlet Products within the three-month period immediately

9  preceding the publication of the price tags, as California law mandates. They are fictional constructs

10  deliberately created to facilitate Defendant's illusory markdowns. Defendant manufactures and

11  distributes its own exclusive, proprietary merchandise specifically designed as inferior quality

12  alternatives for its outlet brand. Consequently, no alternative "market price" exists for these products

13  beyond the prices established at Defendant's outlet locations and on their website. The disparity between

14  the "sale" and Reference Price represents a fictitious savings percentage deliberately employed to entice

15  consumers into purchasing items under the false belief they are receiving significant discounts.

16        6.      As such, these Reference Prices are fabricated figures, employed solely to maintain

17  Defendant's fraudulent discount scheme. This pricing approach is visibly featured on virtually all Outlet

18  Products throughout the establishment and across its website.

19        7.      Through its false and misleading marketing, advertising and pricing scheme, Defendant

20  violated and continues to violate California law prohibiting advertising goods for sale as discounted

21  from former prices which are false, and prohibiting misleading statements about the existence and

22  amount of price reductions. Specifically, Defendant violated, and continues to violate, California's

23  Business & Professions Code §§ 17200, et seq. (the "UCL"), California's Business & Professions Code

24  §§ 17500, et seq. (the "FAL"), and the California Consumers' Legal Remedies Act, California Civil

25  Code §§1750, et seq. (the "CLRA")[1], and the Federal Trade Commission Act ("FTCA"), which

26  _____

27  [1] Plaintiffs have served Defendant with the requisite CLRA notice letter and will amend this Complaint to include a cause of action for violation of the CLRA, if appropriate, based on Defendant's responsive action or lack thereof.

28

CLASS ACTION COMPLAINT                                    CASE NO.

1  prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and

2  false advertisements. 15 U.S.C. § 52(a).

3      8.    Plaintiffs bring this action on behalf of themselves and other similarly situated consumers

4  who have purchased one or more items at Defendant's outlet stores or on Defendant's Website that were

5  deceptively represented as discounted from false former prices in order to halt the dissemination of this

6  false, misleading, and deceptive price scheme, correct the false and misleading perception it has created

7  in the minds of consumers, and obtain redress for those who have purchased this product. Plaintiffs seek

8  restitution and other equitable remedies, including an injunction under the UCL and FAL.

9                      **II.    JURISDICTION AND VENUE**

10     9.    This Court has personal jurisdiction over the Defendant named in this action because

11 Defendant conducts sufficient business in the State of California, has sufficient minimum contacts with

12 California and/or otherwise intentionally avails itself of the markets within California through the

13 ownership and operation of Fossil Outlet Stores in California as well as through its Website which offers

14 products to California consumers. Defendant via both its Fossil Outlet Stores as well as its Website

15 employed, and continues to employ, the sale tactics detailed herein to render the exercise of jurisdiction

16 by California courts and the application of California law to the claims of the Plaintiffs permissible

17 under traditional notions of fair play and substantial justice.

18     10.   Venue is proper in this Court because Defendant transacts substantial business in this

19 District and a substantial part of the events or omissions giving rise to Plaintiffs' claims arose here.

20 Defendant sells Fossil Outlet Products at numerous locations in San Diego County.

21                           **III.    PARTIES**

22 **Plaintiffs**

23     11.   Plaintiff Alexander Chancy resides in San Diego, California. Plaintiff Chancy, in reliance

24 on Defendant's false and deceptive advertising, marketing and "discount" pricing schemes, purchased a

25 Fenmore Multifunction Smoke Stainless Steel Watch for approximately $52.08 on or around May 23,

26 2023 on the Fossil website. The watch was advertised as having an original price of $180. That price

27 was discounted and represented to Plaintiff as discounted approximately 60% according to the price tag

28

4

CLASS ACTION COMPLAINT                                    CASE NO.

1    and related signage. However, this product was never offered for sale at $180 on Defendant's Website,

2    nor was it offered at that price within the 90-day time period immediately preceding Plaintiff Chancy's

3    purchase. Therefore, Plaintiff Chancy was damaged by his purchase of the product.

4         12.    Plaintiff Tyler Curington resides in Twentynine Palms, California. Plaintiff Curington, in

5    reliance on Defendant's false and deceptive advertising, marketing and "discount" pricing schemes,

6    purchased a Fossil Privateer Sport Mechanical Stainless Steel Watch for approximately $88 on or

7    around April 3, 2024 on the Fossil website. The watch was advertised as having an original price of

8    approximately $270. That price was discounted and represented to Plaintiff as discounted approximately

9    67% according to the price tag and related signage. However, this product was never offered for sale at

10   $270 on Defendant's Website, nor was it offered at that price within the 90-day time period immediately

11   preceding Plaintiff Curington's purchase. Therefore, Plaintiff Curington was damaged by his purchase

12   of the product.

13        13.    Plaintiff Joshua Hyun resides in Downey, California. Plaintiff Hyun, in reliance on

14   Defendant's false and deceptive advertising, marketing and "discount" pricing schemes, purchased a

15   Bannon Multifunction Black Silicone Watch and a Rhett Multifunction Stainless Steel Watch for $79

16   each on December 11, 2024 at the Fossil Outlet Store at 100 Citadel Drive in Commerce, CA. The

17   watches were advertised as having an original price of $180. That price was discounted and represented

18   to Plaintiff as discounted by $101 according to the price tag, related signage and receipt. However, this

19   product was never offered for sale at $180 at Defendant's Fossil Outlet Stores, nor was it offered at that

20   price within the 90 day time period immediately preceding Plaintiff Hyun's purchase. Therefore,

21   Plaintiff Hyun was damaged by his purchase of the product.

22        14.    These purported Reference Prices and corresponding price reductions and savings were

23   false and deceptive, as the prevailing market retail price for the items Plaintiffs purchased during the

24   three months immediately prior to their purchases was never at the represented former Reference Price.

25   Plaintiffs would not have purchased these items in the absence of Defendant's misrepresentations.

26   Instead, Defendant continuously offered the subject items, like all the Fossil Outlet Products offered for

27   sale on the Fossil website, at discounted prices. As a result, Plaintiffs have been personally victimized

28

CLASS ACTION COMPLAINT                                              CASE NO.

1    by and suffered economic injury as a direct result of Defendant's unlawful, unfair, and fraudulent

2    conduct.

3        **Defendant**

4        15.    Defendant, FOSSIL GROUP, INC. is a Delaware corporation licensed to do business

5    throughout the United States, with its principal place of business located at 901 S. Central Expressway,

6    Richardson, Texas. As of March 13, 2025, Defendant owns and operates 114 stores throughout the

7    United States. Defendant also owns and operates the Fossil website, https://www.fossil.com/, where it

8    sells to consumers throughout the United States. Defendant designs, markets, advertises, distributes, and

9    sells an extensive line of men's and women's fashion watches, jewelry, sunglasses, belts, bags, and

10    small leather goods.

11        **IV.    COMMON FACTUAL ALLEGATIONS**

12        **Background of Fossil Group**

13        16.    Fossil Group is an American fashion design and manufacturer company that specializes

14    in manufacturing and selling consumer fashion accessories, including watches, jewelry, handbags, small

15    leather goods, belts, sunglasses and other items. The company was founded in 1984 and is headquartered

16    in Richardson, Texas.

17        17.    The company operates globally with a substantial presence in the United States,

18    maintaining both a comprehensive US website and an extensive retail network comprising premium

19    Fossil retail locations and dedicated Fossil Outlet Stores throughout the country. Fossil sells products

20    under the company's own "Fossil" label as well as additional licensed brands. Fossil sells its products

21    through various channels, including regular Fossil retail stores, Fossil Outlet Stores, the Fossil website,

22    which includes an online outlet section, and through third-party retailers. Fossil's marketing strategically

23    highlights its storied design heritage and premium fashion accessories, cultivating a loyal customer base

24    across the United States.

25        **Defendants' False and Deceptive Pricing Scheme**

26        18.    Unfortunately, Fossil's business model relies on deceiving customers with false and

27    deceptive discounts. On a typical day, Fossil Outlet Stores and the Fossil website prominently display

28

6

CLASS ACTION COMPLAINT                                CASE NO.

some form of a sale where all or nearly all outlet products are supposedly marked down by a significant percentage — for example, 40 or 50% off. All or nearly all products in the Outlet Stores and on the Fossil website are represented as being marked down by the specified percentage discount from a substantially higher Reference Price. The supposed markdowns are represented to the customer by prominently displaying a crossed-out Reference Price (represented by the price tags in-store, or on the price display online, of Fossil Outlet Products, each accompanied by the words "Like Style") next to the "sale" price reduced by the specified percentage discount. Defendant employs this deceptive tactic to convey to customers that the product had previously sold in the recent past at the Reference Price but is "Now" being sold to the customer at a substantial discount.

19.     As an illustration, the first image below depicts Fossil's prominent display of its Outlet items, advertising them all as up to "50% Off". The second image below depicts a partial offering of Fossil's outlet online watch selections, each watch presented to consumers with a discounted price along with a "Reference Price" and the "% off" thus representing a price consumer are led to believe is substantially below the purported regular price.



CLASS ACTION COMPLAINT                                    CASE NO.



20.     For example, as demonstrated in the image below, the website may display a Reference Price of "$295.00" indicating it is "(50% off)" and "Now $147.50"— creating the impression of substantial savings.



CLASS ACTION COMPLAINT                                        CASE NO.

21.     However, this Reference Price is almost always, if not always, a falsely inflated price because Defendant never sold – and never intended to sell – its Outlet products at the Reference Price. Defendant manufactures and distributes its own exclusive, proprietary merchandise specifically designed for their outlet brand. These inferior quality alternatives were specifically designed and manufactured exclusively for Defendant's Outlet Line. The primary purpose of the Reference Price set by Defendant is to mislead customers into believing that the displayed Reference Price is an original, regular, or retail price at which Defendant usually sells the item or previously sold the item in the recent past. As a result, Defendant falsely conveys to customers that they are receiving a substantial markdown or discount, when in reality the alleged discount is false and fraudulent.

22.     In addition, since these items were manufactured exclusively for Defendant's outlet brand no alternative "market price" exists for these products beyond the prices established at Defendant's outlet locations and on their website. These Outlet Products were never available for purchase at company-operated locations or on its Website for their stated Reference Prices and as such the price on the price tags or website display did not represent a true former price or the prevailing market retail price in the preceding three months for the Fossil Outlet Products.

23.     Further amplifying consumers' perception of significant discounts is the fact that Defendant sells superior quality merchandise at their mainstream retail establishments. Defendant is aware that shoppers anticipate receiving discounts when patronizing their Outlet Stores or purchasing outlet items online, and accordingly, exploits these consumer expectations by artificially inflating the Reference Price of their Outlet Products, then offering reductions from these artificially elevated Reference Prices to persuade consumers to purchase their Outlet Products.

24.     However, these Fossil's Outlet Products are not discounted from former, regular, or original prices. The price tags did not represent a true former price or the prevailing market retail price in the preceding three months. Instead, the Reference Price exists solely to create an artificial discount when compared to the actual sales price offered. The Reference Prices displayed on the Outlet Products' price tags were and continue to be prices deliberately selected by Defendant to facilitate their phantom markdown scheme.

9

25.     Defendant's deceptive advertising practices are systematic and pervasive at Fossil Outlet Stores and on its website as Fossil's Outlet Products remain continuously discounted from the Reference Price listed and they are not offered for sale at their Reference Price for any substantial period of time, and in most cases, not at all. Indeed, in most instances, new Fossil Outlet Products appear at the Fossil Outlet Stores and on the Fossil website outlet as immediately discounted, rendering the Reference Prices completely meaningless, false, and misleading.

26.     Defendant implements and conveys its deceptive pricing strategy to consumers through coordinated in- store and online promotional materials, in-store advertising displays, print and online advertisements, Website outlet product listings, and in-store uniformly designed price tags. Defendant's fraudulent price advertising approach has been widespread on its Website and throughout California as part of an extensive, multi-year, pervasive campaign and has remained consistent across all of Defendant's exclusive branded Outlet Products sold in their Outlet Stores and on their website. In fact, the majority, if not all, of the Outlet Products available in the Outlet Stores and through its online Website are subject to the identical fraudulent pricing methodology described herein.

27.     Defendant may assert that the phrase "like style" on price tags attached to Outlet Products in its stores and on its Website provides adequate notice to customers that these are not actual original prices. On its website, Defendant may note the small and hard-to-notice light grey "i" next to price of outlet items that, when a customer hovers over it, displays the message:

> "Our 'like style' pricing reflects what similar items have originally sold for at department stores or boutiques. The percentage off is a comparison between our price and the original price of the similar items. Like style prices may vary, but we know you'll love ours."

This message is entirely ambiguous and along with all of Defendant's marketing tactics and pricing presentation leads the reasonable consumer to believe that the "Like Style" on price tags in its outlet stores and on outlet products on its Website were the product's original price. Furthermore, this message is completely omitted from physical store locations, and even on Fossil's website, as demonstrated in the first image below, the disclosure remains conspicuously absent when customers browse the general outlet merchandise catalog, where they are presented only with the prominently

10

1  displayed struck-through Reference Prices adjacent to the boldly highlighted red sale prices. The "i"

2  symbol only becomes visible after a consumer navigates to a specific item's detailed page. Even then, as

3  demonstrated in the second image below, the "i" appears as an intentionally barely perceptible footnote.



22      28.      Defendant intentionally designed the price tags and online pricing in this manner to

23  prevent reasonable consumers from knowing that the inconspicuous words "Like Style" on price tags in

24  its outlet stores and on outlet products on its Website are not and were never the product's original price.

25  Indeed, by explicitly stating the savings and calculating the percentage discount based on the "Like

26

27

28

11

Style" price, Defendant directly and deliberately created the impression that the product is discounted from its original "Like Style" price.

29.    Moreover, as demonstrated in the image below, when proceeding to online checkout Defendant displays the Reference Price along with the "discounted price" perpetuating the impression that the consumer is snagging a discount. When completing a purchase in store Defendant provides consumers with sales receipts that also perpetuate these misrepresentations regarding false price reductions from the Reference Price.

CLASS ACTION COMPLAINT                                    CASE NO.

# FOSSIL

CITADEL OUTLET CENTER
100 CITADEL DR STE 640
COMMERCE, CA, 90040-1578
(323) 728-8286
December 11, 2024 5:15PM

RECEIPT

Ticket: FG000446077
Store: 7474
Salesperson: Miguel

| Description | Price |
|---|---|
| Bannon Multifunction Black Silicone Watch | |
| BQ2494 | $180.00 |
| $79 Watches | -$101.00 |
| | $79.00 |
| Rhett Multifunction Stainless Steel Watch | |
| BQ2851 | $180.00 |
| $79 Watches | -$101.00 |
| | $79.00 |
| Subtotal | $158.00 |
| | -$39.00 |
| SALES AND USE TAX (6.00%) | $7.14 |
| LOCAL SALES AND USE TAX - LOS ANGELES (1.25%) | $1.49 |
| LOCAL SALES AND USE TAX - TRANSPORTATION COMMISSION (LATC) (0.50%) | $0.60 |
| LOCAL SALES AND USE TAX - TRANSIT DISTRICT (LACT) (0.50%) | $0.59 |
| LOCAL SALES AND USE TAX - METROPOLITAN TRANSIT DISTRICT (LAMT) (0.50%) | $0.60 |
| LOCAL SALES AND USE TAX - TRANSACTIONS AND USE TAX (CMMG) (0.50%) | $0.59 |
| LOCAL SALES AND USE TAX - TRANSACTIONS AND USE TAX (LAMA) (0.50%) | $0.59 |
| LOCAL SALES AND USE TAX - MEASURE H TRANSACTIONS AND USE TAX (LACH) (0.25%) | $0.30 |
| LOCAL SALES AND USE TAX - TRANSACTIONS AND USE TAX (CMTU) (0.25%) | $0.30 |
| Total | $131.20 |

Payments

| CARD: Visa | $131.20 |

30.    Upon information and belief, thousands of Defendant's consumers in California, including Plaintiffs, were victims of Defendant's deceptive, misleading, and unlawful false pricing scheme. This deception will continue if Defendant is not enjoined from continuing their pricing scheme.

31.    Defendant knows or should reasonably know that its reference price advertising is false, deceptive, misleading and unlawful under California law. Defendant fraudulently concealed from, and intentionally failed to disclose to, Plaintiffs and other members of the Class, the fact that Reference Prices displayed on the Fossil Outlet Products do not reflect a former, regular, or original price.

32.    At all relevant times, Defendant has been under a duty to Plaintiffs and the Class to disclose the truth about its Reference Prices and false discounts.

13

CLASS ACTION COMPLAINT                                    CASE NO.

33.     The facts which Defendant misrepresented or failed to disclose are material facts that a reasonable person would have considered material, i.e., facts which would contribute to a reasonable person's decision to purchase Defendant's merchandise. Defendant's false representations of Reference Prices and false representations of purported savings, discounts and bargains are objectively material to the reasonable consumer, including Plaintiffs, and therefore reliance upon such representations may be presumed as a matter of law.

34.     Plaintiffs relied upon Defendant's false representations of Reference Prices and discounts when purchasing Fossil Outlet Products. Plaintiffs would not have made such purchases but for Defendant's false representations and fraudulent omissions of the Reference Price of the outlet item they purchased, as compared with the supposedly discounted price at which the Fossil Website  and/or Outlet Store offered the item for sale.

35.     Plaintiffs reasonably believed the truth of the represented "discounted" price displayed on the Website and in advertisements on Fossil's Website which expressly represented that Plaintiffs were getting a substantial percentage discount off the regular price. Plaintiffs reasonably understood the Reference Price representation to indicate a true former price of the identical item as sold at a mainline Fossil retail store. Indeed, one cannot truly "save" off anything other than a true former price on the identical product. Otherwise, one is not "saving," one is simply buying a different product than the one that bears a higher price.

36.     Plaintiffs and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiffs and the Class reasonably understood the Reference Price listed for the product to be a valid representation of a true former price on the identical product. Plaintiffs and the Class did not understand the Reference Price to indicate a comparison to a non-identical product. However, the Reference Price on the items did not represent a true former price or the prevailing market retail price in the preceding three months for the Fossil Outlet Products. Plaintiffs, like other Class members, were lured in, relied on, and were damaged by these pricing schemes that Defendant carried out.

14

CLASS ACTION COMPLAINT                                            CASE NO.

37.     Defendant intentionally concealed and failed to disclose material facts regarding the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiffs and Class members to purchase Fossil Outlet Products in their Fossil Outlet Stores and on the Fossil Website.

**Defendant Engages In Deceptive Advertising**

38.     Counsel's investigation has confirmed that the "Reference Prices" listed on the product pages for Plaintiffs Chancy's and Curington's purchases on the Fossil Website and via in-store signage and on the receipt at Fossil Outlet Stores, as was the case for Plaintiff Hyun's purchase, were never the prevailing market retail price in the preceding 90 days before purchase. Additionally, Defendant's deceptive advertising practices were systematic and pervasive on the Fossil Website as Fossil Outlet Products remain continuously discounted from the Reference Price listed on the product page or they are not offered for sale at their Reference Price (the purported "Regular Price") for any substantial period of time, and in almost all cases, not at all. Indeed, in most instances, new Fossil Outlet Products appear for the first time on the Fossil Website as immediately discounted, rendering the Reference Prices completely meaningless, false, and misleading. The difference between the discounted sale prices and the Reference Price is a false savings percentage or whole-price reduction used to lure consumers into purchasing products they believe are significantly discounted.

39.     In addition, the Fossil Outlet Products sold in Fossil Outlet Stores and on the Fossil Website are designed and manufactured for, and sold exclusively through, the outlet channel, which means that such items were never sold – or even intended to be sold – at the Reference Price advertised on the product pages. The Fossil Outlet Products were never offered for sale at the Fossil mainline retail stores or website.

40.     By failing to price Fossil Outlet Products at their actual regular price for a substantial period of time, Defendant artificially inflated the market price or value of the Fossil Outlet Products they sell, including the items purchased by Plaintiffs. Moreover, by failing to price their Fossil Outlet Products, including the items purchased by Plaintiffs, at their regular price for a substantial period of

CLASS ACTION COMPLAINT                                    CASE NO.

time, and in compliance with California law, Defendant interfered with market forces, driving the selling price of their products higher than they would be if Defendant had complied with the law.

41.    Defendant's false discounting practice, as described herein, has the effect of setting an artificially high market value for their "discounted" Fossil Outlet Products. Customers, like Plaintiffs, purchase Fossil Outlet Products from Defendant believing they are receiving a substantial discount on their purchases, when in fact they are not. They are instead purchasing an item they would not otherwise buy and paying a higher price than they would otherwise pay were the products subject to fair market competition and pricing.

42.    Plaintiffs' and Class members' reliance upon Defendant's false price comparison advertising was not only reasonable but entirely intended by Defendant. Consumers reasonably rely on price comparison advertising, which retailers intentionally design to influence purchasing decisions. When a retailer displays a Reference Price alongside a sale price, it establishes a value benchmark. As this reference price increases, consumers perceive greater value in the transaction, become more willing to purchase, and accept higher prices. While truthful reference prices help consumers make informed decisions, falsely inflated reference prices create a deceptive sense of value, depriving consumers of fair market evaluation opportunities.

43.    The effectiveness of false discounting lies in its concealed nature. Shoppers complete purchases believing they've secured favorable deals, unaware of the deceptive pricing practices. Retailers can implement these misleading discounts without suspicion because consumers lack access to comprehensive pricing history that would reveal the deception. This information asymmetry allows the practice to continue unchallenged, as customers have no practical way to verify the legitimacy of advertised "savings."

## V.    CLASS ACTION ALLEGATIONS

44.    Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated. The proposed Class that Plaintiffs seek to represent is defined as follows:

16

CLASS ACTION COMPLAINT    CASE NO.

> All persons who, while in the State of California, during the four (4) year period preceding the filing of the original Complaint through the date of final judgment in this action (the "Class Period"), purchased one or more Fossil Outlet Products at a purported discount off of the stated Reference Price at any Fossil Outlet Stores in the State of California or any California resident who made purchases on the Fossil Website, and who have not received a refund or credit for their purchase(s).

45.     Excluded from the Class are Defendant; its corporate parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; any of its officers, directors, employees, or agents; the legal representatives, successors or assigns of any such excluded persons or entities; and the judicial officers to whom this matter is assigned as well as their court staff. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with [his/her] motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

46.     *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that the Class consists of thousands of members. Moreover, Plaintiffs allege that the precise number of Class members, their identities, and their locations can be ascertained though appropriate discovery and records of Defendant and its agents. Defendant keeps extensive computerized records of their customers through, *inter alia*, customer loyalty programs and general marketing programs. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated to potential Class members in accordance with due process requirements.

47.     *Commonality and predominance.* There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are, inter alia:

a.     Whether, during the Class Period, Defendant used false price representations and falsely advertised price discounts on Fossil Outlet Products they sold in their Fossil Outlet Stores or on the Fossil Website in California;

17

CLASS ACTION COMPLAINT                                        CASE NO.

b.      Whether Defendant intended its Reference Price to be synonymous with the item's former, regular, or original price;

c.      Whether, during the Class Period, the Reference Prices advertised by Defendant were the prevailing market prices for the associated Fossil Outlet Products sold by Defendant during the three month period preceding the dissemination and/or publication of the advertised Reference Prices;

d.      Whether Defendant's use of false or deceptive price advertising constituted false advertising under California law;

e.      Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;

f.      Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts;

g.      Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

h.      Whether Defendant's conduct, as alleged herein, was intentional and knowing;

i.      Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits Defendant received and/or was lost by Class members as a result of the conduct alleged herein;

j.      Whether an injunction is necessary to prevent Defendant from continuing to use false, misleading or illegal price comparisons; and

k.      Whether Plaintiff sand Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

48.     *Typicality.* Plaintiffs' claims are typical of the claims of the members of the Class and, like all members of the Class, purchased Fossil Outlet Products from a Fossil Outlet Store or the Fossil Website that conveyed a false Reference Price as depicted on the consistent format of the price tags and a fictitious discount. Plaintiffs and the Class they seek to represent have all been deceived (or were likely to be deceived) by Defendant's false former price advertising and labeling scheme, as alleged

18

herein. Plaintiffs are advancing the same claims and legal theories on behalf of himself and all members of the Class. Accordingly, Plaintiffs have no interests antagonistic to the interests of any other member of the Class.

49.    *Adequacy.* Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the Class members they seek to represent. Plaintiffs will fairly and adequately represent and protect the interests of the Class because they are not antagonistic to the Class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

50.    *Superiority.* The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

a.    The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b.    If each Class member was required to file an individual lawsuit, the Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

c.    The costs of individual suits could unreasonably consume the amounts that would be recovered;

d.    Proof of a common factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and

e.    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

51.    Plaintiffs and Class members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct. This action will provide substantial benefits to

19

1  Plaintiffs, the Class and the public because, absent this action, Plaintiffs and Class members will

2  continue to suffer losses, thereby allowing Defendant's violations of law to proceed without remedy and

3  allowing Defendant to retain proceeds of their ill-gotten gains.

4       52.    All Class members, including Plaintiffs, were exposed to one or more of Defendant's

5  misrepresentations or omissions of material fact claiming that advertised Reference Prices were in

6  existence. Due to the scope and extent of Defendant's consistent false price advertising scheme,

7  disseminated in a massive, years-long campaign to California consumers via in-store display advertising,

8  print advertising, price tags, online advertising on the Fossil Website, and the like, it can be reasonably

9  inferred that such misrepresentations or omissions of material fact were uniformly made to all members

10  of the Class. In addition, it can be reasonably presumed that all Class members, including Plaintiffs,

11  affirmatively acted in response to the representations contained in Defendant's false advertising and

12  labeling scheme when purchasing Fossil Outlet Products at Fossil Outlet Stores or on the Fossil Website

13  in California.

14       53.    Defendant has acted or refused to act on grounds generally applicable to the Class as a

15  whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such,

16  the systematic policies and procedures of Defendant makes final injunctive relief or declaratory relief

17  with respect to the Class as a whole appropriate.

18  
19             **FIRST CAUSE OF ACTION**
          **Violation Of The "Unfair" Prong Of The UCL**
20        **Business and Professions Code § 17200 *et seq.***

21       54.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

22  preceding paragraphs as though fully set forth herein.

23       55.    The UCL defines unfair business competition to include any "unlawful, unfair or

24  fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal.

25  Bus. & Prof. Code § 17200.

26  
27  
28  

CLASS ACTION COMPLAINT                    CASE NO.

56.    The UCL imposes strict liability. Plaintiffs need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices occurred.

57.    A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

58.    Defendant has violated and continues to violate the "unfair" prong of the UCL by representing a false Reference Price and corresponding price discount for its Fossil Outlet Products sold at Fossil Outlet Stores or on the Fossil Website in California. As a result, the inflated Reference Price was nothing more than a false, misleading and deceptive price included to create the illusion of a discount.

59.    Defendant's acts and practices are unfair because they caused Plaintiffs, and reasonable consumers like them, to falsely believe that Fossil Outlet Stores and the Fossil Website are offering value, discounts or bargains from the prevailing market worth of the Fossil Outlet Products sold that did not, in fact, exist. Defendant intended for Plaintiffs and Class members to equate the Reference Price with a higher original or regular price. As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and are, therefore, worth more) than what they paid. This perception has induced reasonable purchasers, including Plaintiffs, to buy Fossil Outlet Products, which they otherwise would not have purchased.

60.    The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

61.    As a direct and proximate result of Defendant's acts and practices, Plaintiffs and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendant's Fossil Outlet Products.

21

CLASS ACTION COMPLAINT                                    CASE NO.

62.     Through their its acts and practices, Defendant has improperly obtained money from Plaintiffs and the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiff and all Class members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION
### Violation Of The "Fraudulent" Prong Of The UCL
### Business and Professions Code § 17200 *et seq.*

63.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

64.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

65.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

66.     The price tag or price display on the Fossil Outlet Products and advertising materials containing false Reference Prices were "fraudulent" within the meaning of the UCL because they deceived Plaintiffs, and were likely to deceive members of the Class, into believing that Defendant was offering value, discounts or bargains at Fossil Outlet Stores or on the Fossil Website from the prevailing market value or worth of the Fossil Outlet Products sold that did not, in fact, exist. As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving Fossil Outlet Products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiffs, to buy such products from Defendant, which they otherwise would not have purchased.

67.     Defendant's acts and practices as described herein have deceived Plaintiffs and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase Fossil Outlet Products from Fossil Outlet Stores or on the Fossil Website, Plaintiffs relied on Defendant's

22

1  misleading and deceptive Reference Prices and discounted prices. Each of these factors played a

2  substantial role in Plaintiffs' decision to purchase a Fossil Outlet Product, and Plaintiffs would not have

3  purchased the subject item in the absence of Defendant's misrepresentations. Accordingly, Plaintiffs

4  suffered monetary loss as a direct result of Defendant's practices described herein.

5       68.    As a direct and proximate result of Defendant's acts and practices, Plaintiffs and Class

6  members have suffered injury in fact and have lost money or property as a result of purchasing

7  Defendant's Fossil Outlet Products.

8       69.    As a result of the conduct described above, Defendant has been unjustly enriched at the

9  expense of Plaintiff and members of the proposed Class. Specifically, Defendant has been unjustly

10  enriched by obtaining revenues and profits that it would not otherwise have obtained absent their false,

11  misleading and deceptive conduct.

12       70.    Through its unfair acts and practices, Defendant has improperly obtained money from

13  Plaintiffs and the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money

14  to Plaintiffs and all Class members, and to enjoin Defendant from continuing to violate the UCL as

15  discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs and the Class may be

16  irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

17
18
### THIRD CAUSE OF ACTION
**Violations Of The "Unlawful" Prong Of The UCL**
**Business and Professions Code § 17200 et seq.**

19       71.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

20  preceding paragraphs as though fully set forth herein.

21       72.    The UCL defines unfair business competition to include any "unlawful, unfair or

22  fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal.

23  Bus. & Prof. Code § 17200.

24       73.    A business act or practice is "unlawful" under the UCL if it violates any other law or

25  regulation.

26

27

28

23

CLASS ACTION COMPLAINT               CASE NO.

74.     The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15 U.S.C. § 52(a)). The FTC has established Guidelines that describe false former pricing schemes, similar to Defendant's in all material respects, as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, likely just the seller's regular price.

> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

75.     California statutory and regulatory law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former price advertisements," states:

> For the purpose of this article the worth or value of any item advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

76.     Cal. Civ. Code § 1770, subsection (a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from

CLASS ACTION COMPLAINT                                                CASE NO.

1    "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of

2    price reductions."

3         77.    Defendant also violated and continues to violate Business & Professions Code § 17501,

4    and Civil Code § 1770, sections (a)(9) and (a)(13) by advertising false discounts from purported former

5    prices that were, in fact, not the prevailing market prices within three months next preceding the

6    publication and dissemination of advertisements containing the false former prices.

7         78.    Defendant's use of and reference to a materially false Reference Price, and purported

8    percentage discount or whole-price reduction in connection with their marketing and advertisements

9    concerning the Fossil Outlet Products sold at Fossil Outlet Stores or on the Fossil Website violated and

10   continues to violate the FTCA, 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a), as well as FTC Guidelines

11   published at Title 16, Code of Federal Regulations, Section 233.

12        79.    As a direct and proximate result of Defendant's acts and practices, Plaintiffs and Class

13   members have suffered injury in fact and have lost money or property as a result of purchasing

14   Defendant's Fossil Outlet Products.

15        80.    As a result of the conduct described above, Defendant has been unjustly enriched at the

16   expense of Plaintiffs and members of the proposed Class. Specifically, Defendant has been unjustly

17   enriched by obtaining revenues and profits that they would not otherwise have obtained absent their

18   false, misleading and deceptive conduct.

19        81.    Through their unfair acts and practices, Defendant has improperly obtained money from

20   Plaintiffs and the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money

21   to Plaintiffs and all Class members, and to enjoin Defendant from continuing to violate the UCL as

22   discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs and the Class may be

23   irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

24

25

26

27

28

25

**FOURTH CAUSE OF ACTION**
**Violation Of California False Advertising Law**
**California Business & Professions Code Sections 17500, *et. seq.***

82.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

83.    The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

84.    Cal. Bus. & Prof. Code § 17500 provides that:

> [i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

85.    The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

86.    Similarly, Cal. Bus. & Prof. Code § 17501 provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."

87.    Defendant's routine practice of including a false Reference Price on every price tag attached to Fossil Outlet Products sold at Fossil Outlet Stores or displayed on the Fossil Website, which were never the true prevailing prices of those products was an unfair, deceptive and misleading advertising practice. This deceptive marketing practice gave consumers the false impression that the Fossil Outlet Products sold at Fossil Outlet Stores or on the Fossil Website were regularly sold in the retail marketplace at substantially higher prices than they actually were. Therefore, leading to the false impression that the merchandise was worth more than it actually was. In fact, Fossil Outlet Products that

26

CLASS ACTION COMPLAINT                                    CASE NO.

were made exclusively for sale in the Fossil Outlet Stores or on the Fossil Website were never sold at the Reference Price under any circumstances.

88.     Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

89.     As a direct and proximate result of Defendant's acts and practices, Plaintiffs and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendant's products.

90.     Through their unfair acts and practices, Defendant has improperly obtained money from Plaintiffs and the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and all Class members, and to enjoin Defendant from continuing to violate the False Advertising Law as discussed herein in the future. Otherwise, Plaintiffs and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## VI.     PRAYER FOR RELIEF

91.     WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, prays for relief and judgment against Defendant as follows:

a.     For an order certifying this matter as a class action and designating Plaintiffs as the Class Representative and Plaintiffs' Counsel as Class Counsel;

b.     For an order awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

c.     For appropriate injunctive relief as permitted by law or equity;

d.     For an order directing Defendant to engage in a corrective advertising campaign;

e.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Civil Code § 1780(e), California Code of Civil Procedure § 1021.5, as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

27

CLASS ACTION COMPLAINT                                    CASE NO.

1        f.     For costs of the suit incurred herein;

2        g.    For prejudgment interest at the legal rate; and

3        h.    For such other and further relief as the Court may deem proper.

### VII.    JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 14, 2025                Respectfully submitted,

*/s/ Matthew W. Ruan*
Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON**
**& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

***Attorney for Plaintiffs and the Putative Class***

CLASS ACTION COMPLAINT                CASE NO.