UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER CHANCY, JOSHUA HYUN, and TYLER CURINGTON, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>FOSSIL GROUP, INC.,<br>                                    Defendant. | Case No.: 25-cv-1566-AJB-DEB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(Doc. No. 21)** |

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. No. 21.) Defendant Fossil Group, Inc. ("Fossil") filed an opposition to the motion. (Doc. No. 30.) Plaintiffs filed a reply in support of their motion. (Doc. No. 32.) For the reasons stated herein, the Court **GRANTS** Plaintiffs leave to file an amended complaint.

## I.    BACKGROUND

Plaintiffs Alexander Chancy, Joshua Hyun, and Tyler Curington initiated this consumer class action in San Diego Superior Court on May 15, 2025, alleging that Fossil engages in a fraudulent pricing scheme at its outlet stores and on its website. (*See* Doc. No. 1-2.) Specifically, Plaintiffs allege Fossil advertises fictitious "Reference Prices"—labeled as "Like Style" prices on price tags and online listings—alongside deeply discounted sale

prices, creating the false impression that consumers are receiving substantial markdowns off genuine former retail prices. (*Id.* ¶¶ 2–6.) Plaintiffs allege these Reference Prices were never bona fide market prices and were artificially inflated in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 52(a).[1] (*Id.* ¶ 7.) Plaintiffs' original Complaint notes that Plaintiffs served the requisite CLRA notice letter on Fossil and intended to "amend the Complaint to include a cause of action for violation of the CLRA, if appropriate, based on Defendant's responsive action or lack thereof." (*Id.* ¶ 7, n.1.)

Fossil removed this matter to federal court on June 18, 2025. (Doc. No. 1.) On July 25, 2025, Fossil filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8, and 9. (Doc. No. 7.) On November 21, 2025, the Court granted the motion in part and denied it in part. (Doc. No. 17.) The Court denied dismissal of Plaintiffs' UCL and FAL claims, but granted dismissal of Plaintiffs' claims for equitable relief—specifically future injunctive relief—with leave to amend. (*Id.*) The Court's November 2025 Order directed Plaintiffs to file a First Amended Complaint on or before December 1, 2025, and required Fossil to file an answer or otherwise respond to the operative complaint by December 22, 2025. (*Id.* at 16.)

Plaintiffs did not file an amended complaint by the December 1, 2025 deadline. Thus, on December 22, 2025, Fossil filed its Answer. (Doc. No. 18.) On February 11, 2026, Plaintiffs filed the instant Motion for Leave to File a First Amended Complaint. (Doc. No. 21.) Plaintiffs' proposed amendment makes three changes: (1) it adds a cause of action under the CLRA, seeking actual, punitive, and statutory damages; (2) it adds new

---

[1] Though Plaintiffs allege Fossil's pricing practices violate the FTCA, Plaintiffs do not allege a cause of action under the FTCA.

allegations regarding future injunctive relief; and (3) it makes associated formatting and jurisdictional corrections necessitated by removal. (Doc. No. 21-1 at 1.)

## II.    LEGAL STANDARD

The parties agree that Federal Rule of Civil Procedure 15(a) governs amendment here.[2] (*See* Doc. Nos. 21-1 at 2; 30 at 3.) Rule 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court articulated several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). "The party opposing amendment bears the burden of

---

[2] Once the district court issues a pretrial scheduling order that establishes a deadline for the amendment of pleadings, motions to amend filed after the deadline are governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order). Here, the pretrial scheduling order was entered after Plaintiffs filed the instant motion. (*See* Doc. Nos. 28; 29.) Additionally, the scheduling order does not establish a deadline for amendment. (*Id.*)

3

showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. DISCUSSION

As an initial matter, Fossil argues that because the UCL and FAL are equitable in nature, the original Complaint only sought equitable relief. Thus, the Court's decision to dismiss Plaintiffs' claims for equitable relief had the effect of disposing of Plaintiffs' entire Complaint without prejudice. Fossil therefore argues the December 1 deadline was a mandatory amendment deadline necessary to preserve the case. (Doc. No. 30 at 2.).

Plaintiffs counter that Court's Order focuses solely on injunctive relief, discussing the standards for actual and imminent injury and future reliance on advertising statements. (Doc No. 32 at 2–3.) Plaintiffs state that they "reasonably interpreted this ruling to apply to their claims for injunctive relief, not restitution, which does not require any threat of actual or imminent injury." (*Id.* at 3.) Under Plaintiffs' reading of the November 2025 Order, because Plaintiffs' restitution claims survived, they had no obligation to amend to keep the case alive. (*Id.*) The Court agrees.

The Order's plain text is inconsistent with a wholesale dismissal of the complaint. The Court specifically stated that the motion to dismiss as to the UCL and FAL claims was denied, before separately addressing the equitable relief prayer in a distinct section. Fossil's argument that dismissal of a prayer for relief extinguishes causes of action that were simultaneously and expressly sustained, is an untenable interpretation which the Court declines to adopt. Accordingly, the Court finds Plaintiffs' claims for restitution were not dismissed by the Court's prior order.

Turning now to the *Foman* factors, Plaintiffs contend they satisfy each of the *Foman* factors, thus, the Court should grant leave to amend. (Doc. No. 21-1 at 3.) In its Opposition, Fossil argues Plaintiffs' motion should be denied because Plaintiffs failed to comply with the Court's previous order and because amendment will delay and significantly expand the case. (Doc. No. 30 at 3–4.)

### A.    Undue Delay

Fossil argues that this factor plainly weighs against amendment. Fossil contends Plaintiffs had prior notice of the proposed changes, thus their failure to amend before the December 1, 2025 deadline warrants denial of leave to amend. (Doc. No. 30 at 3–4.) Specifically, Fossil argues Plaintiffs were on notice of the proposed changes because the original Complaint stated Plaintiffs' intent to add a CLRA claim. (*Id.*) And the Court's November 2025 Order expressly identified the deficiency related Plaintiffs' injunctive relief allegations. (*Id.*)

Plaintiffs do not dispute that some delay occurred. (Doc. No. 32 at 4–6.) However, Plaintiffs proffer that the ten-week gap was modest and occurred during a period of litigation inactivity. (*Id.* at 5–6.) Plaintiffs further argue that delay alone does not justify denial of leave to amend. (*Id.*)

The Court finds that Plaintiffs' delay weighs against amendment, though only slightly. Plaintiffs offer a limited explanation for their failure to comply with the Court's deadline, and the record reflects they could have sought amendment earlier. However, "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Courts typically find undue delay where amendment is sought after significant litigation has occurred or where the movant offers no reasonable justification for a prolonged delay. *See Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 20 (1st Cir. 1979) (finding "undue delay" where movant failed to move to amend for two years, after parties had already engaged in and completed discovery, and gave no valid reason for doing so); *DCD Programs, Ltd.*, 833 F.2d at 185, 187 (finding no undue delay where party moved for leave to amend fourteen months after initial complaint filed).

Fossil's reliance on *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), does not alter this conclusion. In *Yourish*, the Ninth Circuit addressed a dismissal that functioned as a sanction under Rule 41(b) after the plaintiffs failed to comply with a court order granting

5

leave to amend. *Yourish*, 191 F.3d at 986. That procedural posture is not present here. Denial of Plaintiffs' request to amend does not implicate Rule 41(b). Likewise, *Johnson* applied Rule 16's "good cause" standard in the context of modifying a scheduling order. *Johnson*, 975 F.2d at 607–08. Here, the parties agree that Rule 16 does not govern this motion. Accordingly, neither case compels denial of leave to amend under Rule 15(a).

Thus, while Plaintiffs' delay weighs against amendment, it does not, standing alone, justify denial of leave to amend.

## B.    Bad Faith

Plaintiffs allege the amendment is not sought in bad faith because the CLRA claim was contemplated when the case was first filed. (Doc. No. 21-1 at 2.) As it relates to the other proposed amendments, Plaintiffs state they decided to seek leave to amend after "further consultation with Plaintiffs," and there is no nefarious purpose for the amendments. (*Id.*) Fossil does not contend that Plaintiffs' motion was brought in bad faith, and the Court finds no basis from which bad faith on the part of Plaintiffs can be inferred.

## C.    Prejudice to Defendant

Plaintiffs argue Fossil will not be prejudiced by amendment because the case remains at the pleadings stage, no discovery has occurred, and no discovery schedule or trial date has been set. (Doc. No. 21-1 at 3.) Plaintiffs contend the proposed CLRA claim arises from the same underlying facts as the already-surviving UCL and FAL claims, requires no new theories or substantially different discovery, and Fossil has been on notice of the forthcoming CLRA claim since the original complaint was filed in May 2025. (*Id.*) Plaintiffs further note that courts have analyzed UCL, FAL, and CLRA claims together because they "share similar attributes." (Doc. No. 32 at 5.)

Fossil argues prejudice on two grounds. First, it already invested time and resources in a motion to dismiss and an Answer and permitting an amended complaint will require it to revisit those pleadings, reassess its defenses, and incur duplicative costs. (Doc. No. 30 at 4.) Second, Fossil argues the proposed FAC is a fundamental expansion of the litigation—arguing the original complaint sought only equitable relief, while the FAC adds

25-cv-1566-AJB-DEB

actual, punitive, and statutory damages under the CLRA. (*Id.*) Fossil contends adding the CLRA claims will "substantially alter the claims and remedies sought." (*Id.* at 4.) Fossil's arguments are unpersuasive.

The question of undue prejudice is not whether Fossil will face any burden as a result of amendment, but whether that burden is so substantial that it rises to the level of unfair prejudice within the meaning of Rule 15. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) ("It is true that limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays.") (citation and internal quotation omitted). Fossil has not demonstrated such a burden. Though the Court issued a scheduling order since this motion was filed, this matter is still in its infancy. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1115 (N.D. Cal. 2002) (permitting amendment 20 months after removal from state court and three months before trial date). Moreover, the CLRA claim arises from the identical pricing conduct at the core of the UCL and FAL claims, and Fossil has been on notice of its substance for nearly a year. While the addition of CLRA claim represents an expansion of Fossil's exposure, it is not a significant expansion of the overall case. This factor weighs in favor of amendment.

### D.    Futility and Previous Amendments

The last two factors to consider are whether the amendment would be futile and the number of previous amendments requested by the moving party. Leave to amend should only be denied as futile in the narrow circumstance where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R., Co.*, 881 F.3d 1122, 1134 (9th Cir. 2019). Although "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), "[d]enial of leave to amend on this ground is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."

25-cv-1566-AJB-DEB

*Netbula, LLC*, 212 F.R.D. at 539; *see also SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

Fossil does not argue that the proposed CLRA claim, or injunctive relief allegations, are factually deficient. Nor has Fossil identified any legal deficiency in the proposed CLRA allegations. The Court sustained substantially identical factual allegations under the UCL and FAL at the pleading stage, and the CLRA analysis would be overlapping, if not identical. Absent a colorable argument that the claim fails on its face, futility does not support denial.

Additionally, this is Plaintiffs' first and only request to amend. Thus, both of these factors weigh in Plaintiffs' favor.

## IV.    CONCLUSION

Absent prejudice or a "strong showing" of bad faith, undue delay, dilatory motive, futility, or repeated failure to cure deficiencies, there is a presumption in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052. Fossil has failed to make any such showing. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. No. 21.) By no later than **May 8, 2026**, Plaintiffs must file, as a separate docket entry, a clean version of the First Amended Complaint currently docketed at Docket Number 21-2. Fossil must answer or otherwise respond to the First Amended Complaint by no later than **May 29, 2026**.

**IT IS SO ORDERED.**

Dated:  May 5, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-1566-AJB-DEB